NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILEAD MUTAVA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1272

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01504-EHM, Judge Edward H. Meyers.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

On September 23, 2025, the United States Court of Federal Claims entered judgment dismissing Gilead Mutava's complaint.  The Court of Federal Claims received his notice of appeal from that judgment on December 16, 2025.  Because it appeared the appeal was untimely, the court directed the parties to show cause whether the appeal should be dismissed.  Mr. Mutava responds and files motions for various relief.  The United States moves for leave to file a

motion to dismiss.  ECF No. 17.  Mr. Mutava has not responded to the motion for leave.

A party seeking appellate review must comply with "linked jurisdictional" requirements governing the content and timing of a notice of appeal.  *Becker v. Montgomery*, 532 U.S. 757, 765 (2001).  Rule 3(c) of the Federal Rules of Appellate Procedure requires that a notice of appeal must designate the judgment from which the appeal is taken.  Sections 2522 and 2107(b) of title 28 of the U.S. Code further require such notice of appeal be received by the Court of Federal Claims within 60 days of the entry of the appealed judgment.  *See Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011); *cf.* Fed. R. App. P. 26(b)(1).

Mr. Mutava has identified no submission satisfying these requirements.  His December 2025 appeal is clearly untimely.  And his submissions of attached screenshots of earlier purported emails to this court do not give timely, sufficient notice of his intent to appeal the judgment.  Only two of the emails appear to be dated within the filing deadline period.  The first makes only passing reference to the Court of Federal Claims and does not identify a case number, let alone a judgment.  ECF No. 12-2 at 1–2.  The other also does not identify a judgment; mostly addresses health issues and concerns about non-delivery notices in other cases; and states that the case is "being processed whereas [he is] officially waiting for a judicial answer."  ECF No. 12-2 at 7.  Under the circumstances of this case, we conclude Mr. Mutava has not filed a timely notice of appeal.

Accordingly,

IT IS ORDERED THAT:

(1)  ECF No. 17 is accepted for filing.

(2)  The appeal is dismissed.

MUTAVA v. US                                                                3

    (3)  All pending motions are denied.

    (4)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 23, 2026
Date